### FLOYD, administrator, *v.* THOMASON, executrix.

The judgment for the plaintiff, rendered by the judge hearing the case without a jury, was authorized by the evidence.

No. 667. JUNE 15, 1918.

Construction of will. Before Judge Kent. Harris superior court. October 8, 1917.

A testator devised described realty to Mrs. Addie Mallory "for a home for and during her natural life," and directed that at her death the property should be sold and the proceeds of sale divided equally between named persons, one of whom was T. L. Thomason.

The will further provided that the residue of the estate of the testator be sold, and that from the proceeds of sale stated sums be paid to named persons, and that the "remainder of my said estate" be divided equally between four named persons, one of whom was T. L. Thomason. The will nominated T. L. Thomason as executor, and provided "that he be not required to give bond or to make returns to the ordinary, with specific instructions that he pay all expenses of winding up this estate out of his share bequeathed to him, including probating, advertising, and all expenses that may arise. He, the said T. L. Thomason, is to act as executor in the sale and division of the property of real estate bequeathed to Mrs. Addie Mallory after her death." The executor duly qualified, partially administered the estate, and died. An administrator de bonis non cum testamento annexo was appointed. Mrs. Mallory sued the estate for services which, as alleged in defendant's answer, she "claimed" to have rendered the testator during his lifetime, and recovered judgment for an amount which consumed a large portion of the estate. Attorney's fees were incurred by the administrator in defending the suit. The administrator also incurred the expense of premiums paid to a bonding company to become surety on his bond, and he earned commissions as allowed under the statute to administrators. The estate being ready for final distribution and settlement, the administrator undertook to charge the items of expense above mentioned, together with all other costs of administration, against the distributive share of T. L. Thomason. The executrix of the will of Thomason brought suit for accounting against the administrator de bonis non cum testamento annexo. It was contended that under a proper construction of the will the items of expense above mentioned were unanticipated by the testator, and did not fall within the character of expenses intended by the testator to be charged against the distributive share of the estate devised to Thomason, and should be charged against the entire estate left by the testator, and only the usual and ordinary expenses of administration be charged against the distributive share of Thomason. Upon an agreed statement of facts the case was submitted to the judge without the intervention of a jury. Under the pleadings and the evidence, the premiums paid to the surety company and the attorney's fees paid by the administrator de bonis non cum testamento annexo

14

and the commissions paid to himself exceeded the distributive share of Thomason; but if those items should be charged against the gross estate of the testator, and only the other items of cost for winding up the testator's estate be charged against such distributive share, there would be a balance coming to the estate of Thomason. The judge found a sum for the plaintiff on the basis of charging premiums, attorney's fees, and commissions above mentioned against the testator's estate in gross and all other expenses of administration against the distributive share of Thomason. The defendant excepted.

*Henry Reeves,* for plaintiff in error.    *A. L. Hardy,* contra.

ATKINSON, J. It was plainly provided that the executor should administer the entire estate even to the distribution after termination of the life-estate given to Mrs. Mallory, and that he be excused from giving bond. Had he so administered the estate, there would have been no necessity for paying out premiums for an administrator's bond, or paying commissions to an administrator de bonis non cum testamento annexo; and had not the suit been instituted by Mrs. Mallory there would have been no necessity of paying out attorney's fees. The judge was authorized to find that neither the prior death of Thomason nor the suit by Mrs. Mallory was contemplated by the testator, and that items of expense of the character mentioned were not intended by the testator to be charged to the distributive share of Thomason; and upon such basis to render judgment for the amount found for the plaintiff.

*Judgment affirmed. All the Justices concur, except*

GEORGE, J., dissenting. The usual and necessary cost of administering the estate, including commissions and the cost of the administrator's bond, should have been charged to the distributive share or legacy of T. L. Thomason. Effect is to be given to the intention of the testator as disclosed by the whole will; and the testator, in appointing T. L. Thomason as his executor, provided that the executor "pay all expenses of winding up this estate out of his share bequeathed to him, including probating, advertising, and all expenses that may arise." The executor was relieved of the duty of making bond and filing annual returns, but the executor named died. His death did not affect the interest of the other legatees. By the plain language of the will the testator intended that they be given designated portions of the estate,

freed from all necessary expenses of administering the estate. The testator may not have contemplated that the executor named would die before the winding up of the estate; but in any event he intended to give to the other legatees named a designated portion of the estate, and the portion given to these legatees should not have been diminished by the usual and necessary cost of administering the estate. For these reasons, and to the extent indicated, I do not agree with the opinion of the majority.